UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL AVENT, *et al.*,        )<br>                              )<br>  Plaintiffs,                )<br>                              )<br>v.                            )<br>                              )<br>DEPARTMENT OF YOUTH          )<br>REHABILITATION SERVICES, *et al.*, )<br>                              )<br>  Defendants.                )  | Civil Action No.: 1:08-CV-00020 (JR) |

### DEFENDANTS CHARLES AKINBOYEWA AND DEPARTMENT OF YOUTH REHABILITATION SERVICES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants Charles Akinboyewa and Department of Youth Rehabilitation Services (hereafter "DYRS"), by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(5), and 12(b)(6), respectfully move this Court for an Order dismissing plaintiffs' complaint. This Court lacks personal jurisdiction over Defendant Akiboyewa because he was not properly served with Plaintiffs' summons and Complaint pursuant to Fed. R. Civ. P. 4. Alternatively, Defendant Akiboyewa moves for summary judgment pursuant to Fed. R. Civ. P. 56. Defendant DYRS is non *sui juris*, and Plaintiffs cannot maintain their cause of action against this defendant.

In support of this Motion, defendants have attached and incorporated hereto a Memorandum of Points and Authorities.

              Respectfully Submitted,

              PETER J. NICKLES
              Interim Attorney General for the District of Columbia

              GEORGE C. VALENTINE
              Deputy Attorney General
              Civil Litigation Division

\_\_\_\s\_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV



\_\_\_\s\_____
MICHAEL P. BRUCKHEIM [455192]
ERIC S. GLOVER [83200]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C. 20001
202-724-6649; 202-442-9754; 202-727-6295
E-mail:Michael.bruckheim@dc.gov; Eric.glover@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL AVENT, *et al.*, ) | |
| ) | Civil Action No.: 08-20 (JR) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DEPARTMENT OF YOUTH ) | |
| REHABILITATION SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CHARLES AKINBOYEWA AND DEPARTMENT OF YOUTH REHABILITATION SERVICES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**I. Statement of Facts**

On or about January 4, 2008, Plaintiff Gail Avent, individually and on behalf of D.K.,[1] filed a complaint against Defendants Department of Youth Rehabilitation Services (hereafter "DYRS"), Charles Akiboyewa, and other District defendants.  See Complaint, generally, at Docket Entry #1.  Plaintiffs did not personally serve Defendant Akinboyewa, nor was service effected on an authorized person acting on behalf of Defendant Akiboyewa.  See Exhibit 1, Declaration of Charles Akinboyewa.  As set forth below, Defendants Akiboyewa and DYRS are entitled to dismissal of Plaintiffs' Complaint.

**II. Argument**

**A.   Standards for Dismissal.**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(5) is appropriate when there is insufficiency of service of process.  Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a

---

[1] Although Plaintiff Avent's son is identified as D.K. in the caption and body of the Complaint, upon information and belief, his initials are D.F.

moving party has failed to set forth a claim for which he/she is entitled to relief. The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985). A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

**B.**     **Standard for Summary Judgment**

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id.*

C.  **Plaintiff's Failure to Properly Serve Defendant Akinboyewa Requires Dismissal of this Court Action Against Him.**

Fed. R. Civ. P. 4(e)(2) provides that service may be made upon an individual by doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 12(b)(5) provides for dismissal for insufficiency of service of process. On January 4, 2008, Plaintiffs allegedly served Defendant Akinboyewa with this action by leaving a copy of the summons and complaint at his office. However, Defendant Akinboyewa did not authorize anyone to accept service on his behalf. See Akinboyewa Declaration, hereto attached as Exhibit 1. Therefore, because Defendant Akinboyewa has not been personally served in accordance with Rule 4, this Court lacks personal jurisdiction over him and he is entitled to dismissal of this lawsuit against him.

D.  **Defendant DYRS is Non *Sui Juris*.**

It is clear that for an entity or governmental agency of the District of Columbia to be sued, such provisions must be contained in the respective agencies enabling statute. *See Roberson v. The District of Columbia Board of Higher Education,* 359 A.2d 28, 31 n. 4 (D.C. 1979). Specifically, the enabling statute must provide that the agency or entity is empowered to "…complain and defend in its own name in any court of competent jurisdiction." *Kelley v. Morris,* 400 A.2d 1045 (D.C. 1979); *Daskalea v. Washington Humane Society,* 480 F. Supp.2d 16, 22 (D.D.C. 2007) (quoting *Kundrat v. District of Columbia,* 106 F. Supp.2d 1,7 (D.D.C. 2000). There is no specific statutory authority authorizing DYRS to sue or to be sued. *Monika Wilson-Greene v. Department of Youth Rehabilitation Services,* 2007 U.S. Dist. LEXIS 49073

(Civil Action 06-2262 (RJL), July 8, 2007).  Accordingly, defendant DYRS is entitled to dismissal.

WHEREFORE, for the reasons set forth above, Defendants Akinboyewa and DYRS ask this Court to dismiss this action against them as a matter of law.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General for the District of Columbia
        Civil Litigation Division

        /s/ Patricia A. Jones_____
        PATRICIA A. JONES [428132]
        Chief, General Litigation, Section IV

By:  \_\s\ Michael P. Bruckheim_____
MICHAEL P. BRUCKHEIM [455192]
ERIC S. GLOVER [83200]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-727-6295
E-mail:  Michael.bruckheim@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL AVENT, *et al.*,            )<br>                                              )<br>         Plaintiffs,              )<br>                                              )<br>v.                                        )<br>                                              )<br>DEPARTMENT OF YOUTH    )<br>REHABILITATION SERVICES, *et al.*,   )<br>                                              )<br>         Defendants.           ) | Civil Action No.: 08-20 (JR) |

**DEFENDANT CHARLES AKINBOYEWA'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

In support of his Motion for Summary Judgment, defendant Charles Akinboyewa submits the following Statement of Material Facts Not in Genuine Dispute:

1. Charles Akinboyewa was not personally served with this lawsuit. See Exhibit 1, Declaration of Charles Akinboyewa.

2. Charles Akinboyewa did not authorize anyone to accept service on his behalf. See Exhibit 1, Declaration of Charles Akinboyewa.

> Respectfully submitted,
>
> PETER J. NICKLES
> Interim Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
> \_\_\s\_____
> PATRICIA A. JONES [428132]
> Chief, General Litigation Sec. IV

   \s\
MICHAEL P. BRUCKHEIM [455192]
ERIC S. GLOVER [83200]
Assistant Attorney General
441 4TH Street, NW, 6th Floor-South
Washington, D.C.  20001
202-724-6649; 202-442-9754; 202-727-6295
E-mail:Michael.bruckheim@dc.gov; Eric.glover@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL AVENT, *et al.*, ) | |
| ) | Civil Action No.: 08-20 (JR) |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DEPARTMENT OF YOUTH ) | |
| REHABILITATION SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### DECLARATION OF CHARLES AKINBOYEWA

I, Charles Akinboyewa, pursuant to 28 U.S.C. § 1746, do hereby declare under penalty of perjury that the foregoing is true and correct:

1. I am competent and have personal knowledge of the facts set forth below.

2. I am a citizen of the United States of America, and over the age of 18.

3. I am an employee of the District of Columbia Department of Youth Rehabilitation Services (DYRS).

4. I have never appointed or authorized any DYRS employee to accept service of process on my behalf.

5. I was not personally served in this matter.


01-24-2008
Date

_Charles Akinboyewa_
Charles Akinboyewa

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL AVENT, *et al.*,            )  | |
|                                  )  | Civil Action No.: 1:08-CV-00020 (JR) |
| Plaintiffs,       )  | |
|                                  )  | |
| v.                               )  | |
|                                  )  | |
| DEPARTMENT OF YOUTH              )  | |
| REHABILITATION SERVICES, *et al.*, )  | |
|                                  )  | |
| Defendants.       )  | |

## ORDER

Upon consideration of Defendants Charles Akinboyewa and Department of Youth Rehabilitation Services' Motion to Dismiss Plaintiffs' Complaint, plaintiffs' response thereto, if any, and the record herein, it is this _____ day of _____, 2008,

ORDERED: that defendants' Motion to Dismiss is hereby GRANTED for the reasons set forth in their motion, and it is,

FURTHER ORDERED: that plaintiffs' action shall be dismissed against defendants Akinboyewa and DYRS.

_____
Judge James Robertson
United States District Court for the
District of Columbia

Copies to:

Ms. Gail Avent
Ms. Gail Avent
4818 Jay Street, NE
Washington, DC 20019

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAIL AVENT, *et al.*,            ) | |
|                                  ) | Civil Action No.: 1:08-CV-00020 (JR) |
|         Plaintiffs,     ) | |
|                                  ) | |
| v.                            ) | |
|                                  ) | |
| DEPARTMENT OF YOUTH               ) | |
| REHABILITATION SERVICES, *et al.*,  ) | |
|                                  ) | |
|        Defendants.     ) | |

## **ORDER**

Upon consideration of Defendant Charles Akinboyewa's Motion for Summary Judgment, plaintiffs' response thereto, if any, and the record herein, it is this _____ day of

_____, 2008,

ORDERED: that Defendant Akinboyewa's Motion for Summary Judgment is hereby GRANTED for the reasons set forth in his motion, and it is,

FURTHER ORDERED: that judgment is hereby entered in favor of Defendant Akinboyewa.

_____
Judge James Robertson
United States District Court for the
District of Columbia

Copies to:

Ms. Gail Avent
Ms. Gail Avent
4818 Jay Street, NE
Washington, DC 20019