## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

—————————————————————— )
GAIL AVENT, next best friend & )
Guardian of D.F., )
 )
            Plaintiff, )
 )
      v. )        Civil Action No. 08-0020 (JR)
 )
DISTRICT OF COLUMBIA, *et al.*, )
 )
            Defendants. )
——————————————————————)

## DEFENDANTS DISTRICT OF COLUMBIA, CHARLES AKINBOYEWA, VINCENT N. SCHIRALDI, AND  DAVID MUHAMMAD'S  MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY  JUDGMENT

Defendants District of Columbia, Charles Akinboyewa,[1] Vincent Schiraldi, and David Muhammad (hereinafter "defendants"), by and through undersigned counsel, move this Honorable Court, pursuant to Fed R. Civ. P 12(b)(6) to dismiss Plaintiff's First Amended Complaint because she has failed to state a claim for which she is entitled to relief from these Defendants.  Alternatively, the District moves for summary judgment on Plaintiff's common law claims.  These defendants are entitled to judgment as a matter of law for the following reasons

(1)    This Court lacks personal jurisdiction over Defendant Akinboyewa and dismissal is appropriate.

(2)    By Order, dated January 28, 2008, this Court substituted the District of Columbia as the party defendant in this case in lieu of Defendants Schiraldi and Muhammad, who were dismissed.  Additionally the Court dismissed this case against

---

[1]  Defendant Akinboyewa does not herein waiver his right to proper service in accordance with Rule 4.

Defendant Akinboyewa for want of personal jurisdiction. These Defendants should remain dismissed as the District of Columbia is the proper party defendant.

(3)    Plaintiff Gail Avent is a non-custodial parent and lacks the requisite standing to bring suit on behalf of D.F.;

(4)    Plaintiff's tort claims are barred against the District because she failed to fully comply with D.C. Official Code § 12-309.

(5)    Plaintiff Avent cannot maintain an intentional infliction of emotional distress claim against these Defendants because she has failed to plead her intentionally infliction of emotional distress claim with the requisite factual specificity; and

(6)    District of Columbia Code § 22-3013, First Degree Sexual Assault, is a criminal statue and Plaintiff has no private right of action against these Defendants. More detailed grounds for the requested relief are set forth in the attached memorandum of points and authorities.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_/s/Eric S. Glover_____

ERIC S. GLOVER [978841]

Assistant Attorney General

441 Fourth St., N.W., 6th Floor North

Washington, D.C.  20001

(202) 442-9754; (202) 727-6295

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                         )
**GAIL AVENT, next best friend &**       )
**Guardian of D.F.,**                    )
                                         )
                                         )
              **Plaintiffs,**            )
                                         )
              **v.**                     )          **Civil Action No. 08-0020 (JR)**
                                         )
**DISTRICT OF COLUMBIA, *et al*.,**      )
                                         )
              **Defendants.**            )
_____)

**<u>Preliminary Statement</u>**

On January 4, 2008, Plaintiff Gail Avent, as next best friend and guardian of D.F.,

filed suit against the Department of Youth Rehabilitation Services ("DYRS"), Vincent N.

Schiraldi, David Muhammad, Charles Akinboyewa, John Savage and Latoya Austin

alleging that the defendants violated her rights under the United States Constitution and

District of Columbia Code § 22-3013, and that the defendants intentionally inflicted

emotional distress upon her.  *See* Docket Entry #1.   By Order, dated January 28, 2008,

the Court dismissed the case against Charles Akinboyewa for want of personal

jurisdiction, and dismissed DYRS because it is *non sui juris*.  The Court *sua sponte*

dismissed the case against Defendants Schiraldi and Muhammad and substituted the

District as the proper party Defendant.

On February 1, 2008, Plaintiff filed her First Amended Complaint.  Plaintiff has

again named Defendants Vincent N. Schiraldi, David Muhammad, Charles Akinboyewa,

John Savage, and Latoya Austin as party defendants, and also named the District of

Columbia as a party defendant.  See Docket Entry #7.  In her amended complaint, Plaintiff Avent avers that after pleading to a criminal offense, D.F. was committed to DYRS until the age of twenty-one (21).  *See* Amended Complaint at ¶ 20.  According to Plaintiff Avent, while in the custody of DYRS, D.F. was transferred to the WINS family Center to begin independent living.  *Id* at ¶ 21.  Plaintiff Avent claims that while D.F. was living at WINS, the Defendants failed to provide or develop adequate community based mental health care services to serve D.F., failed to properly supervise D.F. and allowed D.F. to engage in a sexual affair that resulted in marriage with Defendant Austin, a DYRS correctional officer.  *See* Amended Complaint, generally.  Plaintiff Avent seeks compensatory damages and punitive damages on behalf of D.F., permanent injunctive and declaratory relief from all defendants, and an order requiring defendants to pay for educational services for the minor child.  *Id.*

As set forth below, these Defendants are entitled to dismissal of the Amended Complaint with prejudice.  Alternatively, the District is entitled to summary judgment against Plaintiff on her intentional infliction of emotional distress claim.

## ARGUMENT

### A.    Standard of Review for Motion to Dismiss.

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which he/she is entitled to relief.  The determination of whether a dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc. v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).  A plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face.  *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966. *See Conley v. Gibson*, 355 U.S. 41, 45 (1957).

**B.      Standard of Review for Motion for Summary Judgment.**

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Although the party moving for summary judgment has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Furguson v. District of Columbia*, 629 A.2d 15, 19 (D.C. 1993). Instead, the moving party need only assert that there is a lack of necessary evidence to support plaintiff's case. At that point, the burden shifts to the non-moving party to show the existence of a genuine issue of material fact. *Id.; Beard v. Area Transit Authority,* 631 A.2d 387, 390 (D.C. 1993). Theoretical speculations, unsupported assumptions, and conclusory allegations do not rise to the level of a genuine issue of fact. *Id.*

**C.      The Defendants Are Entitled to Judgment As A Matter of Law.**

     **1.      This Court Lacks Personal Over Defendant Akinboyewa and
Plaintiff's Amended Complaint Against Him Must Be Dismissed.**

On January 28, 2008, this Court dismissed Plaintiff's Complaint against

Defendant Akinboyewa because the Court lacked personal jurisdiction over him.  See

Docket Entry #5.  On February 28, 2008, Plaintiff filed her Amended Complaint, and

again named Defendant Akinboyewa as a party.  Plaintiff failed to serve her

Amended Complaint on this Defendant in accordance with Fed. R. Civ. P. 4.  Therefore,

dismissal of this case against this Defendant is required.

     **2.      Defendants Schiraldi and Muhammed Should Be Dismissed
As Party Defendants Because the District of Columbia is the Proper
Party Defendant.**

By Order, dated January 28, 2008, this Court *sua sponte* dismissed the case

against Defendants Schiraldi and Muhammad and substituted the District as the proper

party defendant.  The lawsuit against Defendants Schiraldi and Muhammad is an official-

capacity lawsuit. The U.S. Supreme Court has ruled upon the issue of official-capacity

suits.  They have held that,

> Official-capacity suits..."generally represent only another way of pleading
> an action against an entity of which an officer is an agent."  [Citation
> omitted.]  As long as the government entity receives notice and an
> opportunity to respond, an official-capacity suit is, in all respects other
> than name, to be treated as a suit against the entity.  [Citation omitted.]
> ...the real party in interest is the entity.  Thus, ... a plaintiff seeking to
> recover on a damages judgment in an official-capacity suit must look to
> the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159 (1985).  Consequently, the District of Columbia is the

proper party defendant, and the action against defendants Schiraldi and Muhammad

should remain dismissed.

3.     **The Plaintiff, Gail Avent, a Non-Custodial Parent, Lacks the Requisite Standing to Bring this Action against the Defendants.**

In every federal case, the party bringing the suit must establish standing to prosecute the action. *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1 (U.S. 2004) Under the laws of the District of Columbia, a custodial parent has standing to bring a next friend suit on behalf of a minor. *See Harmatz v. Harmatz* 457 A.2d 399, 401 (D.C. 1983). However, courts in the District have denied standing to non-custodial parents who seek to bring next friend suits on the behalf of minors. In *Foretich v. Glamour*, the Plaintiff, a non-custodial parent, sought to amend his complaint to add his minor child as a Plaintiff in order to sue as her father and next friend. 741 F. Supp. 247, 248, (D.D.C. 1990). The *Foretich* Defendants produced Superior Court records indicating that Plaintiff was not the child's custodian. Additionally, the *Foretich* Plaintiff failed to produce any authority indicting that he, as a non-custodial parent, may sue as a next friend. The court denied the Plaintiff's request to amend the pleading to add the child as a party Plaintiff. *Id.*

The Supreme Court also addressed the issue of the standing of a non- custodial parent to bring a suit on behalf of a minor child. *Elk Grove*, 542 U.S. at 1. In *Elk Grove,* the Plaintiff, an atheist, sued numerous Defendants, including the school district in which his daughter, whom he had joint custody of , attended school, alleging that the school district's policy requiring the recitation of the Pledge of Allegiance violated the Establishment and Fee Exercise Clause of the First Amendment. *Id* at 4- 5. The Court held that the non-custodial father lacked the prudential standing to litigate on behalf of his daughter as a next friend. *Id* at 15. The Court noted that it was improper for the federal courts to entertain a claim of a father whose standing to sue was found on family

law rights that were in dispute. *Id*.

In this case, Plaintiff Avent alleges in her Amended Complaint, that on or about October 27, 2006, D.F. was committed to DYRA until he was 21 years of age. *See* Amended Complaint at ¶ 20. See also, Exhibit A, October 27, 2006, Court Order, committing D.F. to DYRS "for an indeterminate period not to exceed his 21st Birthday (11/13/2009)." Thus, during the time of the negligence alleged in this matter, D.F. was in the custody of DYRS and not the plaintiff. Therefore, because Plaintiff Avent no longer has any custodial rights with regard to D.F., she lacks the requisite standing to bring a next friend claim on behalf of D.F. D.F. is over the age of 18 years of age, and may bring an action in his own right. See Amended Complaint, at ¶ 19. D.C. Official Code § 16-2301(3) provides that the term "child" means an individual who is under 18 years of age. Thus, as D.F. had reached age of majority when the instant action was filed, Plaintiff Avent lacks the requisite standing to bring this lawsuit on D.F.'s behalf. Therefore, Plaintiff Avent lacks standing to bring this lawsuit on behalf of D.F who has reached the age of majority. Therefore, dismissal of this action filed by Plaintiff Avent on behalf of D.F. is appropriate.

### 4.    Plaintiff Avent's Notice Letter Does Not Comply With D.C. Official Code § 12-309 and Her Intentional Tort Claim Must Be Dismissed.

On August 27, 2007, the plaintiff forwarded a notice letter to the District of Columbia, Office of Risk Management, indicating that she intended to file a lawsuit against the District of Columbia, Department of Youth Rehabilitation Services. Plaintiff's notice letter does not fully meet the requirements of D.C. Official Code § 12-309 for any action occurring prior to February 27, 2007. Section 12-309 provides in pertinent part that:

> [a]n action may not be maintained against the District of Columbia
> for unliquidated damages to person or property unless, **within six
> months** after the injury or damage was sustained, the claimant, is
> agent, or attorney has given notice in writing to the Mayor of the
> District of Columbia of the approximate time, place, cause, and
> circumstances of the injury or damage. A report in writing by the
> Metropolitan Police Department, in regular course of duty, is a
> sufficient notice under this section.

(Emphasis added).  In her August 27, 2007, notice letter, Plaintiff avers that the "date of
the incident occurred on or about October 2006 and is continuing to occur to this date."
Because the provisions of the statute mandates that notice be given six months after the
claimant's injury, any act occurring prior to February 27, 2007, would be barred since
Plaintiff's sent her notice letter on August 27, 2007.  *See* Exh. B, Notice Letter.

In *Thorne v. D.C.*, 2006 U.S. Dist. LEXIS 91438 (D.D.C. Dec. 19, 2006), the
District moved to dismiss the plaintiff's complaint for failing to comply with the notice
requirements of § 12-309.  Specifically, the defendants challenged the plaintiff's notice
letter on the grounds that it failed to provide the date of the events that were alleged.  *See*
id.  In the space of the plaintiff's notice letter titled "Time of Incident," the Letter stated
"Approx. 9:00 PM." *Id* at 13.  It contained no further information regarding the date of
the incident.  In deciding that the plaintiff's notice letter did not comply with section 12-
309's notice requirements, the court stated that:

> [w]hile it is true that courts have interpreted § 12-309 as affording "greater
> liberality . . . with respect to the content of the notice," a notice letter must
> nevertheless serve its basic function of putting the District of Columbia on notice
> of a potential claim so that it may take appropriate action to investigate, take
> corrective action, or pursue settlement.  *Id*.

The Court held that as the date of the incident was crucial for the investigation of
the plaintiff's claims and as the plaintiff failed to provide a date of the alleged incident,
plaintiff's notice letter did not comply with § 12-309's notice requirement.  *Id*.

Plaintiff's failure to provide the District with notice of her claims occurring prior to February 27, 2007, bars her from pursuing any claim prior to that date.

5.    **Plaintiff's Intentional Infliction of Emotional Distress Claim Must Be Denied as The Plaintiff Has Failed to Plead that She has Sustained Severe Emotional Distress**

In her Amended Complaint, one of the claims that the plaintiff asserts against the defendants is intentional infliction of emotional distress.    In this jurisdiction, for a plaintiff to prove an intentional infliction of emotional distress claim, he/she must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress. *Gharib v. Wolf*, 518 F. Supp. 2d 50, 57 (D.D.C. 2007).  In the instant matter the Court should dismiss the Plaintiff's intentional infliction of emotional distress claim as the Plaintiff has failed to sufficiently plead that she was caused severe emotional distress. See Amended Complaint, generally.

In *Marshall v. Honeywell Tech. Solutions, Inc*, 536 F. Supp. 2d 59 (D.C.C. 2008), the plaintiff filed suit against the defendants, her former a former employer and a potential employer, on various claims of age, sex, and race discrimination, violations of her Fifth and Eighth Amendment Rights and Equal Pay Act violations .  She also alleged intentional infliction of emotional distress against one of the defendants.  In addressing the plaintiff's intentional inflection of emotional distress claim, the Court, citing *Manikhi v. Mass. Transit Admin.*, 360 Md. 333, 758 A.2d 95, 113-15 (Md. 2000), held that the emotional distress element of an intentional infliction of emotional distress claim must be pled with sufficient factual specificity so as to rise to the level of severe emotional distress. *Marshall,* 536 F. Supp. 2d  at 69.   In viewing the plaintiff's complaint, the

Court noted that the plaintiff failed to state with factual particularity the intensity or duration of the alleged emotional injury or even refer to any medical treatment. 536 F. Supp. 2d at 70. Thus, the Court dismissed the plaintiff's intentional infliction of emotion distress claim, holding amongst other things that, the plaintiff had failed support a reasonable inference of severe emotional distress. *Id.*

In the instant matter, the Court should dismiss Plaintiff's intentional infliction of emotional distress claim as she has failed to plead with any factual specificity that she suffered severe emotional distress. While Plaintiff claimed that she has sustained headaches, sleepless nights and use of medication, she has failed to provide any information regarding the severity, duration or frequency of these headache or sleepless nights. She has also failed to describe how often she uses medication, what type of medication she uses and what dosage. Further, she does not provide any information regarding any hospitalization or sessions with any psychoanalysts or any other medical treatment. Thus, as the Plaintiff has failed to plead the emotional distress element of her intentional infliction of emotional distress claim with sufficient factual specificity so as to rise to the level of severe emotional distress, her intentional infliction of emotional distress claim must be dismissed.

### 6. D.C. Official Code § 22-3013 Does Not Provide A Private Right of Action.

In her Amended Complaint, Plaintiff alleges that the defendants violated D.C. Official Code § 22-3013, First Degree Sexual Abuse of A Ward. Section 22-3013 that:

> [a]ny staff member, employee, contract employee, consultant, or volunteer at a hospital, treatment facility, detention or correctional facility, group home, or other institution; anyone who is an ambulance driver or attendant, a bus driver or attendant, or person who participates in the transportation of a ward, patient, client, or prisoner to and from such institutions; or any official custodian of a

> ward, patient, client, or prisoner, who engages in a sexual act with a ward, patient, client, or prisoner, or causes a ward, patient, client, or prisoner to engage in or submit to a sexual act shall be imprisoned for not more than 10 years or fined in an amount not to exceed $100,000, or both.

Plaintiff alleges that after D.F. was committed to DYRS, Defendant Austin began a sexual relationship with D.F.  *See* Amended Complaint at ¶ 40.  She further alleges that she complained to the moving defendants and that they did not do anything to stop D.F.'s relationship with Defendant Austin.  *See* Amended Complaint at ¶ 39-64.  Section 22-3013 is a criminal statute and provides no private cause of action.  A plain reading of the statute demonstrates that its violation may result in criminal penalties, not civil penalties.  Because § 22-3013 does not private a private right of action, Plaintiff's claim must be dismissed.

        WHEREFORE, Defendants Vincent N. Schiraldi, David Muhammad, and Charles Akinboyewa request that this Court grant their motion dismissing Plaintiff's Amended Complaint them judgment.  Alternatively, the District requests the Court grant summary judgment as a matter of law on Plaintiff's common law claims set forth in her Amended Complaint.

                            Respectfully submitted,

                            PETER J. NICKLES
                            Interim Attorney General for the District of
                            Columbia

                            GEORGE C. VALENTINE
                            Deputy Attorney General, Civil Litigation Division

                              /s/ Patricia A. Jones
                            PATRICIA A. JONES [428132]
                            Chief, General Litigation, Section IV

_____/s/ Eric S. Glover_____
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth Street, N.W. Suite 6N04
Washington, D.C. 20001
(202) 442-9754; (202) 724-6295

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GAIL AVENT, next best friend & | : | |
| guardian of D.F. | : | |
| | : | |
|     Plaintiffs, | : | |
|  v. | : | Civil Action No. 08-00020(JR) |
| | : | |
| DEPARTMENT OF YOUTH | : | |
| SERVICES, *et al,* | : | |
| | : | |
|     Defendant(s). | : | |

**Statement of Facts**

In support of the District of Columbia's Motion for Summary Judgment, it submits this Statement of Facts, and states as follows:

1.    On October 27, 2006, D.F. was committed to the custody of the District of Columbia Department of Youth Services ("hereinafter DYRS") for an indeterminate period not to exceed his twenty first (21st) birthday.  See Court Oder, hereto attached as Exhibit # 1.

2.    On October 27, 2007, the District of Columbia Office of Risk Management received Plaintiff's 12-309 Notice Letter.  *See* 12-309 Notice Letter attached as Exhibit # 2.

3.    In her 12-309 Notice Letter, Plaintiff alleged that DYRS failed to:

    a.    provide court ordered mental health services for D.F.;

    b.    adequately supervise D.F.; and

    c.    investigate alleged sexual relationship between D.F. and a DYRS correction officer.  *Id*.

4.    In her October 27, 2007, Plaintiff alleged that the aforementioned acts occurred

on or about October 2006 and are continuing to occur.  *Id.*

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Patricia A. Jones
PATRICIA A. JONES [428132]
Chief, General Litigation, Section IV

_/s/ Eric S. Glover_
ERIC S. GLOVER [978841]
Assistant Attorney General
441 Fourth St., N.W., 6th Floor North
Washington, D.C.  20001
(202) 442-9754; (202) 727-6295

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____  )
**GAIL AVENT, next best friend &**        )
**Guardian of D.F.**                      )
                                          )
                                          )
               **Plaintiffs,**            )
                                          )
        **v.**                            )        **Civil Action No. 08-0020 (JR)**
                                          )
**DISTRICT OF COLUMBIA, *et al*.,**        )
                                          )
               **Defendants.**            )
_____  )

## <u>ORDER</u>

Upon consideration of Defendants District Of Columbia, Vincent

Schiraldi, David Muhammad, and Charles Akinboyewa's Motion to Dismiss Plaintiff's

Amended Complaint, Plaintiff's response thereto, if any, and the record herein, it is by

the Court this _____ day of _____, 2008,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the

Defendants' motion; and it is

FURTHER ORDERED:   that plaintiff's Amended Complaint be DISMISSED

against these defendants with prejudice

_____
JUDGE
U.S. DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA

Copies to:

Eric S. Glover

Assistant Attorney General
441 4th Street, NW, 6th Floor North
Washington, D.C. 20001

Ms. Gail Avent, *Pro Se*
4818 Jay Street NE
Washington, DC 20019

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____ )
**GAIL AVENT, next best friend &** )
**Guardian of D.F.** )
                                   )
                                   )
              **Plaintiffs,** )
                                   )
        **v.** )        **Civil Action No. 08-0020 (JR)**
                                   )
**DISTRICT OF COLUMBIA,** *et al*., )
                                   )
              **Defendants.** )
_____)

## <u>ORDER</u>

Upon consideration of Defendants District Of Columbia's Motion for Summary

Judgment, Plaintiff's response thereto, if any, and the record herein, it is by the Court this

_____ day of _____, 2008,

ORDERED:    that the Motion is GRANTED for the reasons set forth in the

Defendants' motion; and it is

FURTHER ORDERED:   that the District is hereby awarded judgment as to

Plaintiff's common law claim of intentional infliction of emotional distress.


_____
JUDGE
U.S. DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA


Copies to:

Eric S. Glover
Assistant Attorney General

441 4th Street, NW, 6th Floor North
Washington, D.C. 20001


Ms. Gail Avent, _Pro Se_
4818 Jay Street NE
Washington, DC 20019

Page 1 of 2



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## FAMILY-COURT

Family Court

ENTERED ON DOCKET

OCT 2 7 2006

Superior Court
of the District of Columbia
Washington, D.C.

## COMMITMENT TO DEPARTMENT OF YOUTH REHABILITATION SERVICES

In the Matter of:

Respondent's Name:    **DERRICK FULLER**    **(RESTRICTED)**        Xref #: 4144871

Case Number:        2006 DEL 001567                    Jsf #:

A Disposition Hearing has been held and it appears to the Court that:

## FINDINGS

1. The above named respondent has been adjudged to be: ☑ Delinquent    ☐ In Need of Supervision

2. Parties present are the Respondent and ☑ Parent/Guardian    ☐ Social Worker    ☑ Attorney

3. A predisposition report was:

   ☐ prepared by the Director of Social Services or other qualified agency and was considered.

   ☐ waived by the Court with the consent of all parties.

4. Respondent is in need of care and rehabilitation.

   ☐ Placement outside the Respondent's home is necessary for the welfare of the Respondent and the safety and protection of the public.

   ☐ Reasonable Efforts Were Made to Prevent Removal

   ☐ Lack of Preventive Services Was Reasonable

   ☐ Reasonable Efforts and Reunification Efforts Are Being Made

   ☐ Reasonable Efforts Were Not Made

## ORDER

THEREFORE IT IS HEREBY ORDERED that the Respondent be committed to the custody of Department of Youth Rehabilitation Services and:

1. DYRS shall be further directed to:

   ☐ Place the Respondent in such of its institutions, foster homes, private institutions or special schools, under subcontract arrangements made by the Department, as it may deem wise and proper, and securing for him custody, care, discipline, and medical treatment as nearly as possible equivalent to that which should have been provided him in his own home.

   ☑ **RESP IS HEREBY COMMITTED TO DYRS** . If the respondent is accepted and financial arrangements can be made, transfer shall be made without further order of the Court.

   ☐ Place the Respondent who has been twice found in need of supervision, but has never been adjudicated delinquent in an institution/facility:    ☐ for delinquent children.    ☐ for persons in need of supervision.

   ☐ Comply with the following special condition(s):

   ☐ File with the Court, a report concerning implementation of the conditions set forth above within 30 days from the entry of this order and serve a copy of this report on the Respondent's attorney.

2. Respondent shall be released to

Page 2 of 2



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## FAMILY-COURT

## COMMITMENT TO DEPARTMENT OF YOUTH REHABILITATION SERVICES

In the Matter of:

Respondent's Name:    DERRICK FULLER    **(RESTRICTED)**    Xref #: 4144871

Case Number:    2006 DEL 001567    Jsf #:

A Disposition Hearing has been held and it appears to the Court that:

☐ Whenever in the judgment of the Department of Youth Rehabilitation Services, the Respondent is rehabilitated to the extent that his welfare and/or the safety and protection of the public will not be jeopardized by his return to his family or custodian.

☐ Whenever, after , in the judgment of the Department of Youth Rehabilitation Services, the Respondent is rehabilitated under the criteria contained in the preceding sentence.

☐ Only by order of the Court.

3. Intermediate review of commitment shall be scheduled as follows:    ☐ No Review

☑ Review of Commitment: 12/4/06 @ 4:00PM    ☐ Court Hearing:

4. Respondent shall be placed as ordered above:

☑ for an indeterminate period not to exceed: 21ST BIRTHDAY (11/13/2009)

5. ☐ Respondent committed and released to a Department of Youth Rehabilitation Services official: **NAME:**

6. ☑ Respondent committed and sent to Oak Hill.

**(SEE NOTICE BELOW)**

Date: October 27, 2006    Signature of Judge

**NOTICE:** Two years from the termination date of this order and any extension thereof, on motion of the Respondent or on Division's own motion, the Division shall vacate its order and findings and shall order the sealing of all legal, social and law enforcement records in this matter. This action shall be taken provided the Respondent has not been adjudicated delinquent or in need of supervision or convicted of a crime during the period and no proceeding is pending seeking such adjudication.

Page 1 of 2



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT-JUVENILE BRANCH

## ORDER OF THE INTERMEDIATE REVIEW OF COMMITMENT OR PLACEMENT

In the Matter of:
Case No. 2006 DEL 001567
DERRICK FULLER
(Childs's Name)

Xref#:  4144871
Social File #:

## FINDINGS

1. The above named child is presently:  ☐ placed with:  ☒ committed to DYRS  ☐ Other:

2. This case has been set for:

☐ Exparte Review          ☒ Court Hearing: the respondent and the following parties are present:

☐ Father     ☐ Social Worker     ☒ Respondent's Attorney

☒ Mother     ☐ Other ꝶꝶRꝶ     ☐ Attorney

3. A review report has been filed and a copy has been sent to each attorney.

4. The Court has been fully apprised of the facts concerning this child.

## ORDER

THEREFORE IT IS HEREBY ORDERED THAT:

☐ The present ☒ commitment OR ☐ placement shall be continued pursuant to prior order

☐ Court Hearing having been held, the conditions of ☐ commitment OR ☐ placement shall be modified and the respondent shall be cared for as follows:

☐ The respondent's custodian shall comply with the following additional instructions: ·

☐ The ☐ commitment OR ☐ placement shall be ☐ transferred OR ☐ terminated as of  and the child shall be

☐ discharged from the jurisdiction of the Court or ☐ placed

☐ The case shall be scheduled for further hearing as follows:

☐ Exparte Review: December 04, 2006 at 4:00 pm

☐ Court Hearing with summons to be issued to the Child, Parents, Guardian, Child's attorney and the social worker:

age 2 of 2



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### FAMILY COURT-JUVENILE BRANCH

## ORDER OF THE INTERMEDIATE REVIEW OF
## COMMITMENT OR PLACEMENT

In the Matter of:
Case No. 2006 DEL 001567
DERRICK FULLER
(Childs's Name)

Xref#: 4144871
Social File #:

☐ Respondent committed and released to a Department of Youth Rehabilitation Services official: NAME:

☐ Respondent committed and sent to Oak Hill

Date: December 4, 2006

Signature of Judge: MICHAEL RYAN

Notice: Pursuant to the provisions of the D.C. Code §16-2335 and Superior Court Rule - General Family Court Proceedings P, when the above-named child reaches majority or has been adopted, or two years have elapsed since final discharge from court ordered legal custody or supervision, the child and his or her attorney will be notified of the right to move for sealing of his or her records and the procedures to be followed.

8/27/07

AUG 2 7 2007

OFFICE OF RISK MANAGEMENT

Office of Risk Management
ATTN: Claims
441 4th Street N.W. Suite 800 South
Washington, D. C. 20001

RE: D      F

This letter is to notify you of a lawsuit in which I intend to file against the District of
Columbia, Department of Youth Rehabilitation Services, located 1000 Mt. Olivet Road, NE,
Washington, D. C. 20001 at and WINS family services located at 2502 W. Northern
Parkway, Baltimore, Md. 21215.

The date of the incident occurred on or about October 2006 and is continuing to occur to
date.

The exact location is and continuing to be under the jurisdiction of DYRS at 1000 Mt.
Olive Road N.E. Washington, D. C. 2001 and at 2502 W. Northern Parkway, Baltimore,
Md. 21215.

The cause of the damage or injury. Failure to provide court ordered mental health
services. Failure to provide contracted supervisions services. Failure to investigate
sexual relationship allegation of minor son and at least sexual relationships between
correction officers. Contributing to the delinquency of a minor by allowing minor to
participate in criminal activity.

The District of Columbia is liable because of my son D      F      entitlement to court
ordered mental health services were violated. DYRS never intended to adhere to this
court ordered requirement and did not adhere to this court ordered requirement. DYRS
and WINS family services failed to provide supervision to a youth that has a history of
running away by allowing D      to continue to frequent DC and VA areas by not
reporting same to the court.

DYRS and WINS family services failed to take appropriate action upon an allegation that
a DYRS correction officer was having sexual relationship with a minor since he was 17
years old.

DYRS and WINS family services failed to take action when they were informed that
Derrick was in possession of an illegal auto which resulted in his subsequent arrest and is
now in Alexandra Detention Center waiting extradition for UUV.

DYRS and WINS family services failed to supervise D      ·  by allowing his on three different occasions assault the female correction officer without taking appropriate legal action to prevent.

DYRS and WINS family services failed to supervise by allowing D       F.     and LaToya Austin (the correction officer) to marry in the State of Virginia on August 16, 2007.

DYRS and WINS family services failed to adhere to the contract between DYRS and WINS family services which provided that they would provide a curfew and supervision for D      F.

DYRS and WINS family services failed to heed warnings that D.      . can become violent in relationship that goes array.

DYRS and WINS family services failed to discover and investigate mental health service that the courts determine to be a medical necessity.

DYRS failure to hold WINS family services account for it contractual obligation to secure mental health services for D      F.

The District of Columbia is liable for violating my son's rights under the civil rights statutes.

Gail Avent
4818 Jay street ne
Washington, D. C. 20019
202-747-8878

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Defendants District Of Columbia,

Charles Akinboyewa, Vincent N. Schiraldi, and David Muhammad's Motion To

Dismiss Plaintiff's First Amended Complaint, or, in the Alternative, Motion For

Summary Judgment was sent via First Class Mail, this 28th day of May, 2008, to:

GAIL AVENT
4818 Jay Street NE
Washington, DC 20019


/s/ Eric S. Glover _____
ERIC S. GLOVER
Assistant Attorney General