**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GAIL AVENT, next friend       :
guardian of D.F.,             :
                              :
        Plaintiff,         :
                              :
     v.                      : Civil Action No. 08-0020 (JR)
                              :
DISTRICT OF COLUMBIA,       :
                              :
        Defendant.        :
                              :

<u>**MEMORANDUM**</u>

In her initial complaint, Gail Avent, individually and on behalf of her child D.F., sued the District of Columbia Department of Youth Rehabilitation Services (DYRS) and five DYRS employees for violations of the common law, the D.C. Code, and the Eighth Amendment.  I granted the defendants' motion to dismiss all claims against one of the DYRS employees, Charles Akinboyema, for want of personal jurisdiction, and, <u>sua sponte</u>, substituted the District of Columbia for all the other named defendants.  <u>See</u> Dkt. 5.  Avent then filed an amended complaint that named the District of Columbia as a defendant, but otherwise stated the same facts and asserted the same claims as the original complaint.  <u>See</u> Dkt. 7.  The defendants now move to dismiss the amended complaint in its entirety.  The motion will be granted.

Avent alleges that D.F., who had a history of mental health problems, was committed to DYRS custody at the age of 17

following a criminal conviction; that, six months after his commitment, D.F. was sent to an independent living facility, where DYRS was responsible for supervising and treating him; that, despite repeated requests, DYRS failed to develop or implement an adequate mental health care plan for D.F., failed to properly supervise D.F., and permitted D.F. to engage in a sexual relationship with a DYRS correctional officer; and that, as a result, D.F.'s mental health did not improve and Avent herself suffered emotionally and physically.  On D.F.'s behalf, Avent brings various common law, statutory, and constitutional claims. She brings a claim of intentional infliction of emotional distress on her own behalf.

Avent's claims on her son's behalf will be dismissed without prejudice because she has not established standing to sue as his next friend.  Though a non-custodial parent has next friend standing to sue on behalf of a minor child, see D.C. Code § 16-2301(20), D.F. was not a minor at the time this suit was filed: he was 17 in July 2006, see compl. ¶ 19, and he must have been 18 or older when Avent filed the initial complaint in January 2008.

Avent may sue as D.F.'s next friend if she can provide some other reason, "such as inaccessibility, mental incompetence, or other disability[,] for why [D.F.] cannot appear on his own behalf to prosecute the action."  Bestor v. C.I.A., 2005 WL

- 2 -

4866148, *1 (D.D.C. Mar. 2, 2005)(citing <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 154 (1990)).  She has alleged that D.F. has struggled with mental health problems for years, but proof of such an allegation without more would not support a finding that D.F. was mentally incapable of bringing this suit himself.  Nor does the fact of D.F.'s incarceration at the time of filing, <u>see</u> Dkt. 26, at 20, prove that he was inaccessible or otherwise unable to prosecute this action -- prisoners can, and do, bring civil suits all the time.

Avent's own claim of intentional infliction of emotional distress will also be dismissed.  To adequately plead this tort, Avent must allege "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) cause[d] [her] severe emotional distress." <u>Hollis v. Rosa Mexicano DC, LLC</u>, 582 F. Supp. 2d 22, 26 (D.D.C. 2008)(internal citation omitted).  Avent has certainly alleged that she was poorly served and insensitively treated by DYRS, which (assuming the truth of her allegations), failed to address her concerns about her son's treatment, refused her requests to investigate an ongoing sexual relationship between one of its employees and her son, and implied that she was the cause of her son's problems.  The standard she has to meet with her allegations, however, was conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

- 3 -

decency." <u>Jackson v. District of Columbia</u>, 412 A.2d 948, 957 (D.C. 1980).  Avent's allegations of foot-dragging and blame-shifting by a large bureaucracy like DYRS do not meet that standard.  Nor does Avent even allege facts that would support a finding that DYRS acted recklessly, or with the intent of causing her emotional distress.

The order that accompanies this memorandum dismisses Avent's claim of intentional infliction of emotional distress and dismisses without prejudice her claims made on D.F.'s behalf.


JAMES ROBERTSON
United States District Judge